PER CURIAM.
Appellants, American Panel Corporation and Royal and Sunallianee, filed this appeal seeking reversal of the portion of the judge of compensation claims’ (JCC)’s compensation order awarding appellee, Noel Smith, indemnity benefits for the week of November 17, 2003. Appellee filed a cross-appeal challenging the portion of JCC’s compensation order denying ap-pellee’s request for indemnity benefits for the weeks of October 20, November 3, November 10, 2003, and January 12, 2004. We affirm without comment the portion of the JCC’s order awarding appellee indemnity benefits for the week of November 17, 2003. However, because we agree with appellee that the JCC misconstrued state law in denying appellee’s request for indemnity benefits respecting the additional periods, we reverse and remand for further proceedings.
In denying appellee’s claim for indemnity benefits for the weeks of October 20, November 3, November 10, 2003, and January 12, 2004, the JCC incorrectly stated:
I believe Florida law provides that an injured worker who loses work time due to attending unauthorized physician’s appointments is unable to recover workers’ compensation indemnity benefits, which result from attendance at these appointments, unless he has first followed the managed care provisions to attempt to seek such care. For example, the managed care plan could have provided for medical examinations at the Employer’s facility, thereby eliminating the need for time away from work.
Contrary to the JCC’s ruling, this court has ruled that a claimant is not barred from seeking indemnity benefits merely because he or she refuses to participate in an E/C’s managed care arrangement. See Dramis v. Palm Beach County Sch. Bd., 829 So.2d 346, 350 (Fla. 1st DCA 2002). The existence of a managed care arrangement is relevant to a claim for medical treatment, but is not dispositive of a claim for indemnity benefits. Id.; see also Fla. Distillers v. Rudd, 751 So.2d 754, 757 (Fla. 1st DCA 2000) superseded by statute on other grounds as stated in Jefferson v. Wayne Dalton Corp./Hartford, 793 So.2d 1081 (Fla. 1st DCA 2001).
*554 Therefore, we reverse and remand with directions to determine whether appellee is entitled to indemnity benefits for the weeks of October 20, November 3, November 10, 2003, and January 12, 2004.
AFFIRMED in part, REVERSED in part, and REMANDED with directions.
WOLF, PADOVANO, and POLSTON, JJ., concur.